**Lorenzo MORRIS, Plaintiff–Appellant,**

v.

**The CITY OF DETROIT WATER AND SEWAGE DEPARTMENT, Defendant–Appellee.**

**No. 00–1631.**

United States Court of Appeals, Sixth Circuit.

Sept. 26, 2001.

Before NELSON and MOORE, Circuit Judges; KATZ, District Judge.*

Counsel for plaintiff appeals a district court order imposing sanctions against him pursuant to Fed.R.Civ.P. 11 and 28 U.S.C. § 1927. The parties have waived oral argument, and this panel unanimously agrees that oral argument in not needed in this case. Fed. R.App. P. 34(a).

Lorenzo Morris, represented by present counsel, filed a worker's compensation case against defendant, his former employer, in 1996. In August, 1999, he filed this complaint against the same defendant, which was removed to federal district court. The complaint alleged claims under the Americans with Disabilities Act (ADA) and Michigan disability discrimination law, as well as claims of retaliatory discharge, constructive discharge, wrongful discharge, and breach of contract. On December 21, 1999, Morris settled his worker's compensation case for $15,000 and signed a general release which provided that he "fully releases ... any and all ... causes of action, including ... any tort action, civil rights, handicapped claims, wrongful discharge claims ...." However, plaintiff did not voluntarily dismiss his federal case. After the district court had ordered the parties to brief the issue of governmental immunity, counsel for plaintiff filed a motion on February 14, 2000, for declaratory relief. The motion stated that: "Plaintiff does not now wish to dismiss his Federal Court case and respectfully requests the Court to decide whether the Release ... dispossesses (sic) of his Federal Court case ...." The motion argued that the release Morris had signed did not specifically mention the ADA. Defendant then responded in opposition to the motion and filed a motion to dismiss. The district court dismissed the complaint, and ordered Morris and his counsel to appear at a hearing to show cause why sanctions should not be imposed.

Defendant filed an accounting requesting an award of $5,463.00. At the hearing, the district court lowered that amount to $1,663.00. Counsel for plaintiff stated at the hearing that he had advised Morris that the release might not require him to dismiss his federal case. In the face of this advice, Morris stated that he did not

---

* The Honorable David A. Katz, United States District Judge for the Northern District of Ohio, sitting by designation.

wish to dismiss this action. The district court found counsel's failure to dismiss this case unreasonable, and assessed the reduced amount of costs and fees as sanctions under Rule 11 and 28 U.S.C. § 1927.

On appeal, counsel for plaintiff argues that Rule 11 sanctions were not warranted because he did not sign a frivolous pleading, and because that Rule did not require him to voluntarily dismiss this case. He also argues that there was no compliance with the safe harbor provision. Furthermore, he argues that sanctions under 28 U.S .C. § 1927 were not warranted because he did not multiply the proceedings.

An award of sanctions under Rule 11 and 28 U.S.C. § 1927 is reviewed for an abuse of discretion. *Ridder v. City of Springfield,* 109 F.3d 288, 293 (6th Cir. 1997); *Runfola & Assocs. v. Spectrum Reporting II,* 88 F.3d 368, 375 (6th Cir.1996).

Counsel for plaintiff first argues that the district court abused its discretion in imposing Rule 11 sanctions because he did not sign a frivolous pleading. Rule 11(b)(2) provides that, by presenting a pleading, an attorney certifies that the legal contentions therein are warranted. In this case, counsel presented the motion for declaratory relief, arguing that the release signed by his client might not require dismissal of this case because it did not specifically mention the ADA. The release referred to any and all civil rights claims and handicap claims. Therefore, this motion was frivolous and relied on an unwarranted contention. The presentation of this motion was not reasonable and was subject to the assessment of sanctions. See *Lemaster v. United States,* 891 F.2d 115, 118 (6th Cir.1989).

Contrary to counsel's argument, sanctions are properly assessed for failing to dismiss a case that is no longer tenable. See *Runfola,* 88 F.3d at 374. Counsel argues that he could not dismiss the case over his client's instructions to the contrary, which were based on misadvice he received from counsel. He fails to note that a reasonable option would have been to move to withdraw. He also argues that his motion for declaratory relief was tantamount to a motion for voluntary dismissal. This argument cannot be seriously entertained when the motion urged the court not to dismiss this case because the release did not specifically mention the ADA.

Finally, counsel argues that Rule 11 sanctions could not be imposed because there was no compliance with the safe harbor provision. This argument ignores the provision that the court may impose sanctions after notice and an opportunity to show cause. See Fed. R.App. P. 11(c)(1)(B); *Ridder,* 109 F.3d at 297 n. 8.

Because the district court did not abuse its discretion in imposing sanctions under Rule 11, counsel's final argument that sanctions were improper under 28 U.S.C. § 1927 need not necessarily be addressed. However, it is noted that counsel did multiply the proceedings below by failing to file a voluntary dismissal and instead filing the frivolous motion for declaratory relief which caused both defendant and the court to waste resources on a case which should have been dismissed.

For all of the above reasons, the order imposing sanctions is affirmed.